# EXHIBIT A

| AOC-E-105 Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **21-CI-00009**<br>Court: **CIRCUIT**<br>County: **NELSON** |
|---|---|---|

*Plantiff,* **MATTINGLY, KEVIN VS. THE LINCOLN NATIONAL LIFE INSURANCE CO.**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
   **421 WEST MAIN STREET**
   **FRANKFORT, KY 40601**

Memo: Related party is THE LINCOLN NATIONAL LIFE INSURANCE CO.

The Commonwealth of Kentucky to Defendant:
**THE LINCOLN NATIONAL LIFE INSURANCE CO.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ Diane Thompson*
Nelson Circuit Clerk
Date: **1/8/2021**

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)
   To: _____

☐ Not Served because: _____

Date: _____, 20_____        _____
                                                                            Served By

                                                                            _____
                                                                            Title

Summons ID: 307639321158497@00000136879
CIRCUIT: 21-CI-00009 Certified Mail
MATTINGLY, KEVIN VS. THE LINCOLN NATIONAL LIFE INSURANCE CO.



Page 1 of 1


eFiled

Package: 000002 of 000011
Presiding Judge: HON. CHARLES C. SIMMS, III (610193)
Package : 000002 of 000011

Filed     21-CI-00009     01/08/2021     Diane Thompson, Nelson Circuit Clerk

COMMONWEALTH OF KENTUCKY
NELSON CIRCUIT COURT
CIVIL ACTION NO. 20-CI-09
*Electronically Filed*

KEVIN MATTINGLY                                                                PLAINTIFF

vs.                                    **COMPLAINT**

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY                      DEFENDANT

      **To be served through:**
      Corporation Service Company
      421 West Main Street
      Frankfort, KY 40601

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Kevin Mattingly, and for his Complaint against Defendant The Lincoln National Life Insurance Company ("Lincoln National"), states as follows:

1. Plaintiff Kevin Mattingly is a citizen and resident of Nelson County, Kentucky.

2. Defendant Lincoln National is an insurance company domiciled in the state of Indiana, where it is a citizen and resident, with a statutory home office located at 1300 South Clinton Street, Fort Wayne, Indiana 46802.

3. Lincoln National is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

4. Lincoln National's service of process agent is Corporation Service Company, 421 West Main Street Frankfort, Kentucky 40601, and Lincoln National may be served upon said service of process agent.

5. Jurisdiction and venue are proper in this Court because Defendant transacts business and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Nelson County, Kentucky.

6. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of The Hut Group employed as a Warehouse Associate.

7. Hosting Services Inc. established and provided a short-term disability ("STD") Plan to employees of The Hut Group, which includes Plaintiff. The STD policy number is believed to be 000010238433.

8. Plaintiff was covered and eligible under the STD Plan.

9. The STD Plan entitles employees to a percentage of their predisability earnings upon satisfaction of the terms of the policy.

10. The STD policy defines disability and entitles Plaintiff to receive STD benefits if Plaintiff meets the following definition:

    > **TOTAL DISABILITY or TOTALLY DISABLED** means the Insured Person's inability, due to Sickness or Injury, to perform each of the Main Duties of his or her Own Occupation. The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability.[1]

11. Defendant has a responsibility for payment of any disability benefits due according to the terms and conditions of the STD policy.

12. Plaintiff, while working for The Hut Group, became disabled under the terms of the STD policy, which disability arose after the Effective Date of the STD policy, and he was unable to return to work at The Hut Group since on or about April 29, 2018, and remains disabled under the terms of the STD policy.

13. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the STD policy. Plaintiff's STD claim number is believed to be 1180050261.

---

[1] Emphasis in original.

14. By letter dated June 5, 2018, Defendant denied Plaintiff's claim for STD benefits under the policy and alleged Plaintiff suffered a pre-existing condition under the policy.

15. On or about June 13, 2018, Plaintiff timely and properly appealed the denial of his STD benefits, in the manner set forth in the applicable policy.

16. By letter dated August 7, 2018, Defendant upheld the denial of Plaintiff's claim for STD disability benefits.

17. On or about August 27, 2018, Plaintiff timely and properly appealed the denial of his STD benefits, in the manner set forth in the applicable policy.

18. By letter dated October 22, 2018, Defendant upheld the denial of Plaintiff's claim for STD benefits.

19. The October 22, 2018 letter stated Plaintiff has "exhausted all rights of appeal, and" his "administrative file is now closed."

20. Plaintiff is entitled to payment of STD benefits, as Plaintiff meets the definition of "total disability" under the terms of the applicable policy, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

21. The STD insurance is an employee benefit governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

22. Plaintiff has timely and properly exhausted any required administrative remedies and appeals.

23. Plaintiff also had, at all times relevant to the claims asserted herein, long-term disability ("LTD") insurance coverage with Defendant through his employment with The Hut Group.

24. Hosting Services Inc. established and provided an LTD Plan to employees of The Hut Group, which includes Plaintiff. The LTD policy number is believed to be 000010238432.

25. Plaintiff was covered and eligible under the LTD Plan.

3

Package:000005 of 000011
Presiding Judge: HON. CHARLES C. SIMMS, III (610193)
Package : 000005 of 000011

Filed          21-CI-00009        01/08/2021         Diane Thompson, Nelson Circuit Clerk

26. The LTD Plan entitles employees to a percentage of their predisability earnings upon satisfaction of the terms of the policy.

27. The LTD policy defines disability and entitles Plaintiff to receive LTD benefits, if Plaintiff meets the following definition:

> **TOTAL DISABILITY** or **TOTALLY DISABLED** will be defined as follows:
> 1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.
> 2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation which his or her training, education or experience will reasonably allow.
>
> The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability.[2]

28. Defendant has a responsibility for payment of any LTD benefits due according to the terms and conditions of the LTD policy.

29. Plaintiff, while working for The Hut Group, became disabled under the terms of the LTD policy, which disability arose after the Effective Date of the policy, and he was unable to return to work at The Hut Group since on or about April 29, 2018, and remains disabled under the terms of the LTD policy.

30. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the LTD policy. Plaintiff's LTD claim number is believed to be 1190000771.

31. By letter dated February 8, 2019, Defendant denied Plaintiff's claim for LTD benefits under the policy.

---

[2] Emphasis in original.

4

Filed          21-CI-00009        01/08/2021         Diane Thompson, Nelson Circuit Clerk

32. On August 6, 2019, Plaintiff timely and properly appealed the denial of his LTD benefits, in the manner set forth in the applicable policy.

33. By letter dated February 6, 2020, Defendant upheld the denial of Plaintiff's claim for LTD benefits.

34. On July 30, 2020, Plaintiff timely and properly appealed the denial of his LTD benefits in the manner set forth in the applicable policy.

35. By letter dated December 21, 2020, Defendant upheld the denial of Plaintiff's claim for LTD benefits.

36. The December 21, 2020 letter stated Plaintiff has "exhausted all rights of appeal, and" his "administrative file is now closed."

37. Plaintiff is entitled to payment of LTD benefits, as Plaintiff meets the definition of "total disability" under the terms of the applicable policy, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

38. The LTD insurance is an employee benefit governed by the ERISA, 29 U.S.C. § 1001 *et seq.*

39. Plaintiff has timely and properly exhausted any required administrative remedies and appeals.

40. Plaintiff also had, at all times relevant to the claims asserted herein, life insurance coverage established by Hosting Services Inc., and an Extension of Death Benefit with Defendant.

41. Hosting Services Inc. established and provided the life insurance plan to employees of The Hut Group, which includes Plaintiff. The life insurance policy number is believed to be GL 000400001000-23616.

42. Plaintiff was covered and eligible under the life insurance Plan.

5

Filed         21-CI-00009        01/08/2021          Diane Thompson, Nelson Circuit Clerk

43. The life insurance Plan contains an Extension of Death Benefit, whereby premiums are to be waived when the claimant is disabled.

44. The life insurance policy defines disability and entitles Plaintiff to receive an Extension of Death benefit, if Plaintiff meets the following definition:

> DEFINITION OF TOTAL DISABILITY. For this benefit, Total Disability:
> (1) means you are unable, due to sickness or injury, to perform the material and substantial duties of any employment or occupation for which you are or become qualified by reason of education, training, or experience; and
> (2) must continue for at least 180 days.

45. Defendant has a responsibility to waive premiums and provide the Extension of Death benefit due according to the terms and conditions of the applicable policy.

46. Plaintiff, while working for The Hut Group, became disabled under the terms of the life insurance policy, which disability arose after the Effective Date of the policy, and he was unable to return to work at The Hut Group since on or about April 29, 2018, and remains disabled under the terms of the applicable policy.

47. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the life insurance policy. Plaintiff's claim number is believed to be 1190015327.

48. By letter dated February 28, 2019, Defendant denied Plaintiff's claim for the Extension of Death benefit under the policy.

49. On August 6, 2019, Plaintiff timely and properly appealed the denial of his Extension of Death benefit, in the manner set forth in the applicable policy.

50. By letter dated February 6, 2020, Defendant upheld the denial of Plaintiff's claim for the Extension of Death benefit.

51. On July 30, 2020, Plaintiff timely and properly appealed the denial of his Extension of Death benefit, in the manner set forth in the applicable policy.

Filed         21-CI-00009        01/08/2021          Diane Thompson, Nelson Circuit Clerk

52. By letter dated December 21, 2020, Defendant upheld the denial of Plaintiff's claim for the Extension of Death benefit.

53. The December 21, 2020 letter stated Plaintiff has "exhausted all rights of appeal, and" his "administrative file is now closed."

54. Plaintiff is entitled to the Extension of Death benefit, as Plaintiff meets the definition of "total disability" under the terms of the applicable policy, and Defendant should be required to perform under its contract and approve benefits to Plaintiff.

55. The life insurance policy is an employee benefit governed by the ERISA, 29 U.S.C. § 1001 et seq.

56. Plaintiff has timely and properly exhausted any required administrative remedies and appeals.

57. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

## COUNT I

58. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

59. This count is brought under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denials of benefits under the applicable plan(s) and to recover benefits under the terms of the plan(s).

60. Defendant's decisions to terminate benefits, and its refusal to approve benefits after receiving additional evidence on appeals, were wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

7

61. Defendant has an inherent conflict of interest because it not only is the entity responsible for paying benefits to Plaintiff, but it is also the entity that makes the determination of whether Plaintiff qualifies for those benefits.

62. Defendant employed doctors to review Plaintiff's claims and used these file review reports to support its denials of benefits. The doctors employed by Defendant did not examine or speak with Plaintiff.

63. Despite Plaintiff's willingness to present to an independent evaluation and Defendant's authority to have Plaintiff examined under the terms of the policies, Defendant did not examine Plaintiff.

64. Defendant's review process lacked due process to Plaintiff.

65. Defendant's review process was biased in favor of Defendant.

66. Defendant's internal reviews are not subject to abuse of discretion review, and Plaintiff's claims should be reviewed *de novo*.

67. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Filed          21-CI-00009          01/08/2021          Diane Thompson, Nelson Circuit Clerk

Respectfully submitted:

/s/ Elizabeth A. Thornsbury
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson
Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

9

Filed          21-CI-00009          01/08/2021          Diane Thompson, Nelson Circuit Clerk

Package : 000011 of 000011          Presiding Judge: HON. CHARLES C. SIMMS, III (610193)          Package:000011 of 000011

Diane Thompson, Nelson Circuit Clerk
200 Nelson County Plaza
Bardstown, KY 40004

CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601



## KCOJ eFiling Cover Sheet

Case Number: 21-CI-00009

Envelope Number: 3076393

Package Retrieval Number: 307639321158497@00000136879

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.50

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.


